Slip Op. 12–58

UNITED STATES COURT OF INTERNATIONAL TRADE

**Before: Nicholas Tsoucalas, Senior Judge**

_____
                               :
JINAN FARMLADY TRADING CO.,    :
et. al.,                       :
                               :         Court No. 11-00195
      Plaintiffs,              :
                               :
      v.                       :
                               :
UNITED STATES,                 :
                               :
      Defendant,               :
                               :
            and                :
                               :
FRESH GARLIC PRODUCERS         :
ASSOCIATION, et al.,           :
                               :
      Defendant-Intervenors    :
_____:

**OPINION**

Held: Defendant's Motion to Dismiss is granted.   Plaintiffs'
Complaint is dismissed.

                              Dated:    April 26, 2012

      Hume & De Luca, PC (Robert T. Hume) for Jinan Farmlady Trading
Co., et al., Plaintiffs.

      Tony West, Assistant Attorney General; Jeanne E. Davidson,
Director, Commercial Litigation Branch, Civil Division, United
States Department of Justice, Reginald T. Blades, Jr., Assistant
Director; (Melissa M. Devine), Trial Attorney, Commercial
Litigation Branch, Civil Division, United States Department of
Justice, George Kivork, Office of the Chief Counsel for Import
Administration, United States Department of Commerce, of Counsel,
for the United States, Defendant.

Kelley Drye & Warren, LLP (Michael J. Coursey and John M.
Herrmann) for Fresh Garlic Producers Association, et al., Defendant-
Intervenors.

      **TSOUCALAS, Senior Judge**: This matter comes before the Court on

the motion to dismiss filed by Defendant, United States and joined

by Defendant-Intervenors, Christopher Ranch, LLC, Fresh Garlic
Producers Association, The Garlic Company, Valley Garlic, and
Vessey and Company, Inc. (Collectively "Defendants"). Plaintiffs,
Jinan Farmlady Trading Co., Ltd., Weifang Hongqiao International
Logistics Co. Ltd., Qingdao Xingdao Xintianfeng Foods Co., Ltd.,
and Gingar Import Corporation ("Plaintiffs") oppose dismissal.
Defendants move pursuant to USCIT Rules 12(b)(1) and 12(b)(5), and
seek dismissal alleging the Court lack jurisdiction to hear
Plaintiffs claims, that Plaintiffs lack standing and that
Plaintiffs have failed to state a claim.  Alternatively, if the
Court should deny the Defendants' motion, they request a more
definite statement.  For the reasons set forth below, the Court
concludes that it lacks subject matter jurisdiction to hear this
suit and grants Defendants' motion to dismiss the Complaint.

## BACKGROUND

On June 17, 2011, Plaintiffs filed the instant action under 28
U.S.C. 1581(i).  In the jurisdiction clause in their Complaint,
Plaintiffs are contesting the U.S. Department of Commerce's
("Commerce") ". . . method used to conduct administrative reviews
of the antidumping duty order on fresh garlic from the People's
Republic of China, including the selection of respondents and the
assignment of antidumping duty rates." Comp. at 1.  Plaintiffs
allege they have standing because they "participated in previous
administrative reviews of the antidumping duty order on fresh

garlic from the People's Republic of China . . . ." Id.

Plaintiffs' allegations in the Complaint were raised at the administrative level. See Pl.'s Reply Mem. to Def. Intervenor Reply Brief at 3 (". . . [P]laintiffs agree they participated in the 15th [Administrative Review] and made arguments similar to those made in the complaint . . . ."). After the preliminary results of the administrative review were published,[1] Plaintiffs submitted a case brief with comments to Commerce before a final determination was made. See Case Br. Filed On Behalf Of Jinan Farmlady Trading Co., LTD to United States Department of Commerce (May 20, 2011), Def. Intervenor's Reply Brief in Support of Def.'s Mot. to Dismiss, App. 7. In this case brief, Plaintiffs contended that "[Commerce's] approach allowing the Fresh Garlic Producers Association and its individual members ('Petitioners') to designate certain Chinese exporters/producers as respondents and subsequently to rescind the review with respect to specified respondents is arbitrary, capricious and contrary to law." Id. at 1. Commerce disagreed and noted that its "regulations make clear that Petitioners' request for a review of specified individual companies is precisely how the review request process is designed. Therefore, [Commerce] does not consider Petitioners' review

---

[1] Fresh Garlic from the People's Republic of China: Preliminary Results of, Partial Rescission of, and intent to Rescind, in Part, the 15th Antidumping Duty Administrative Review, 75 Fed. Reg 80,458 (Dec. 22, 2010).

requests to be arbitrary, capricious, or contrary to law." See Issues and Decision Memorandum for the Final Results of the 15th Administrative Review of Fresh Garlic from the People's Republic of China at 29 (June 20, 2011), Pl.'s Resp. to Def.'s Mot. to Dismiss Pl.'s Compl., App. 1.   Thereafter, the final results were published. See Fresh Garlic From the People's Republic of China: Final Results and Final Rescission, in Part, of the 2008-2009 Antidumping Duty Administrative Review, 76 Fed. Reg. 37,321 (June 27, 2011)("15th Administrative Review Final Results").

Rather than challenging the final determination of the 15th Administrative Review Final Results under 28 U.S.C. § 1581(c), Plaintiffs chose to file this Complaint under 28 U.S.C. § 1581(i) alleging that the "methodology used by Commerce to delegate effective selection of respondents in antidumping proceedings is arbitrary and capricious . . . . " Compl. at 2.

## STANDARD OF REVIEW

When jurisdiction is questioned, "the burden rests on plaintiff to prove that jurisdiction exists." Lowa, Ltd. v. United States, 5 C.I.T. 81, 83, 561 F. Supp. 441, 443 (1983) (quoting United States v. Biehl & Co., 3 CIT 158, 160, 539 F. Supp. 1218, 1220 (1982)).  In determining a motion to dismiss for failure to state a claim, the Court "must assume all well-pled factual allegations are true and indulge in all reasonable inferences in favor of the nonmovant." Gould, Inc. v. United States, 935 F.2d

1271, 1274 (Fed. Cir. 1991).

## ANALYSIS

Plaintiffs assert that the Court has jurisdiction under 28 U.S.C. § 1581(i).  Since Defendants have challenged jurisdiction, Plaintiffs have the burden of proving that jurisdiction under 28 U.S.C. § 1581(i) is proper.  Plaintiffs appeared and actively participated in the 15th Administrative Review of the antidumping duty order regarding fresh garlic from the People's Republic of China.  The issues Plaintiffs raised were similar to the allegations in the Complaint herein.  Yet the Plaintiffs did not challenge the final determination by filing this action utilizing 28 U.S.C. § 1581(c).  28 U.S.C. § 1581(i) specifically states that "[it] shall not confer jurisdiction over an antidumping or countervailing duty determination which is reviewable . . . by the Court of International Trade under section 516A(a) of the Tariff Act of 1930 . . . ."  28 U.S.C. § 1581(i).  Plaintiffs' cause of action should have been brought under 28 U.S.C. § 1581(c) because "[s]ection 1581(i) jurisdiction may not be invoked when jurisdiction under another subsection of § 1581 is or could have been available . . . ."  Miller & Co. v. United States, 824 F.2d 961, 963 (Fed. Cir 1987), cert. denied, 484 U.S. 1041 (1988).  Therefore, the proper jurisdictional predicate to review the Plaintiffs' claims is 28 U.S.C. § 1581(c).

Plaintiffs contend that relief is not possible under 28 U.S.C.

§ 1581(c).  "Because the practice of manipulation occurs in a number of cases, particularly those involving China, relief cannot be obtained through a challenge to one final determination."  Pl.'s Resp. to Def.'s Mot. to Dismiss at 18.  The Court does not agree. Had Plaintiffs challenged the <u>15th Administrative Review Final Results</u>, their allegations could have been addressed and corrected if not in accord with the law.  Whether the conduct occurs repeatedly is immaterial to correcting the problem through challenging the <u>15th Administrative Review Final Results</u> under 28 U.S.C. § 1581(c).

Plaintiffs' contention is inconsistent with their position that "the discrete actions plaintiffs are challenging are the repeated failures by Commerce to require meaningful answers to why review requests are being sought and, in turn, why they are being withdrawn."  Pl.'s Resp. to Def.'s Mot. to Dismiss at 19. (internal quotation omitted)  Plaintiffs raised this in the administrative review but Commerce disagreed.  Plaintiffs' challenges and Commerce's responses all occurred during the 15th Administrative Review.  Thus, any final decision which was repugnant to Plaintiffs' position was reviewable under 28 U.S.C. § 1581(c).  Since Plaintiffs' claims are a direct challenge to the <u>15th Administrative Review Final Results</u>, they cannot maintain this action under 28 U.S.C. § 1581(i).  "[S]ubsection (i), and in particular paragraph (4), makes it clear that the court is not

prohibited from entertaining a civil action relating to an antidumping . . . proceeding so long as the action does not involve a challenge to a determination specified in section 516A of the Tariff Act of 1930." <u>Royal Bus. Machs., Inc. v. United States</u>, 669 F.2d 692, 701-02 (C.C.P.A. 1982).  This is because 28 U.S.C. § 1581(c) grants this Court "exclusive jurisdiction of any civil action commenced under 516A of the Tariff Act of 1930".  28 U.S.C. § 1581(c).  A party cannot short circuit the statutory framework by filing an action under 28 U.S.C. § 1581(i) when it could have been filed under 28 U.S.C. § 1581(c).[2]  As such, the Court does not have jurisdiction under 28 U.S.C. § 1581(i).

Since the Court finds that Plaintiffs could have brought this action under 28 U.S.C. § 1581(c) but failed to do so, the Court does not have jurisdiction under 28 U.S.C. § 1581(i) unless Plaintiffs could show that the remedy available under 28 U.S.C. §

---

[2] Emphasizing this concern, the House Committee on the Judiciary had explained that its intent was "that the Court of International Trade not permit subsection (i), and in particular paragraph (4), to be utilized to circumvent the exclusive method of judicial review of those antidumping . . . determinations listed in section 516A of the Tariff Act of 1930 . . . ."  H.R. Rep. No. 96-1235, pt. 2, at 48 (1980).  More specifically the Committee wrote: "[A]ny determinations specified in section 516A of the Tariff Act of 1930, or any preliminary administration action which, in the course of proceeding, will be, directly or by implication, incorporated in or superceded by any such determination, is reviewable exclusively as provided in section 516A.  For example, a preliminary affirmative antidumping . . . determination <u>or a decision to exclude a particular exporter from an antidumping investigation would be reviewable, if at all, only in connection with the review of the final determinations by the administering authority</u> . . . ." <u>Id</u>. (Emphasis added).

1581(c) was "manifestly inadequate." See Miller & Co., 824 F.2d at 963 ("Where another remedy is or could have been available, the party asserting § 1581(i) jurisdiction has the burden to show how that remedy would be manifestly inadequate."). Plaintiffs allege the remedy under 28 U.S.C. § 1581(c) would be "manifestly inadequate" because "Plaintiffs are challenging the 'administration and enforcement' of Commerce's regulations in light of the contradictory policy that distorts the final results in [non market economy administrative reviews]." Pl.'s Reply Mem. to Def. Intervenor's Reply Brief at 8. In support of their argument, Plaintiffs cite Cons. Bearings, Co. v. United States, 348 F.3d 997 (Fed. Cir 2003), where the plaintiff ". . . challenge[d] the manner in which Commerce administered the final results." 348 F.3d at 1002. However, Plaintiffs here are complaining about Commerce's actions during the administrative review process before a final determination and not the administration of the final results after a final determination was made. For example, Plaintiffs allege the administration and enforcement of the regulations "distorts the final results in . . . [administrative reviews]". Pl.'s Reply Mem. to Def. Intervenors' Reply Brief at 8. Even if Plaintiffs' allegations are true, the complained of conduct occurred during the review process and not after the final results. Another example where Plaintiffs illustrate their concern for the 15th Administrative Review process itself and not the administration of

those results is when they allege that "[b]y delegating to defendant-intervenors the privilege of identifying those companies that could be excluded from the 15th [Administrative Review] threw [sic] the process of first requesting a review for a named company and then withdrawing the review requests for that named company, Commerce bestowed on the defendant-intervenors . . . the privilege of manipulating the rates assigned by Commerce to other companies." Id.  All of these assertions, if true, occurred within the administrative review process and not after a final determination. Since Plaintiffs' chief concerns involve Commerce's activities leading up to the 15th Administrative Review Final Results and not the administration and enforcement of those final results, reliance on Consolidated Bearings is misguided.

Additionally, the Court of Appeals recently found jurisdiction improper under 28 U.S.C. § 1581(i) for an importer seeking duty free treatment of plasma flat panel televisions imported from Mexico.  Although that case involved jurisdiction under 28 U.S.C. § 1581(a) instead of 28 U.S.C. § 1581(c), the logic remains the same.  "Because Hitachi's claim had not already been allowed or denied, Hitachi could have . . . established jurisdiction under § 1581(a).  Therefore jurisdiction under § 1581(a) is not 'manifestly inadequate' and jurisdiction under § 1581(i) is improper." Hitachi Home Elect. (Ame.), Inc. v. United States, 661 F.3d 1343, 1350 (Fed. Cir. 2011).

**Court No.  11-00195**                                          **Page 10**

Given the allegations in Plaintiffs' Complaint, Plaintiffs should have sought review of the <u>15th Administrative Review Final Results</u> under 28 U.S.C. § 1581(c).  Plaintiffs have not shown that a remedy under 28 U.S.C. § 1581(c) would be manifestly inadequate. As such, the Court lacks jurisdiction to hear this  case under 28 U.S.C. § 1581(i).  Because the Court does not have jurisdiction to hear this case under 28 U.S.C. § 1581(i), the other arguments herein are moot.

**CONCLUSION**

Based on the foregoing the Court dismisses the Complaint in its entirety for lack of jurisdiction.


                            /s/ Nicholas Tsoucalas
                              NICHOLAS TSOUCALAS
                              Senior Judge



Dated:      April 26, 2012
            New York, New York

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**Before: Nicholas Tsoucalas, Senior Judge**

———————————————————— :
                                      :
JINAN FARMLADY TRADING CO.,   :
et. al.,                              :
                                      :    Court No. 11-00195
    Plaintiffs,                       :
                                      :
    v.                                :
                                      :
UNITED STATES,                        :
                                      :
    Defendant,                        :
                                      :
              and                     :
                                      :
FRESH GARLIC PRODUCERS                :
ASSOCIATION, et al.,                  :
                                      :
    Defendant-Intervenors             :
                                      :
———————————————————— :

<u>**JUDGMENT**</u>

    This case having been duly submitted for decision and the Court, after due deliberation, having rendered a decision herein, now in accordance with said decision, it is hereby

    **ORDERED** that Defendant, United States' Motion to Dismiss the Complaint is granted; and it is further

    **ORDERED** that this matter is dismissed.


                               ___/s/ Nicholas Tsoucalas___
                                  **NICHOLAS TSOUCALAS**
                                    **Senior Judge**


Dated:    April 26, 2012
          New York, New York